Reversed. S. Babcock, for appellants. W. R. Page, for respondent.

VAN BRUNT, P. J. The learned court below gave judgment in favor of the plaintiff for the sum of $3,000 fee damage, and rental damage at the rate of $250 per year. We have examined the evidence in this case with care, and cannot find any foundation whatever for the judgment. There is no evidence that the value of these premises has in any way been depreciated by the existence of the elevated road. Upon the contrary, it seems to show that it has been improved thereby. The premises in question consist of a lot 24 feet wide by 94 feet deep, upon which was erected an old five-story building 45 feet deep, with some extensions on the store floor of about 20 feet. It was divided by a hallway through the middle, and was occupied by four families on each floor above the stores. There was gas only in the hall. The water closets were in the yard, and there was one sink in the hall upon each floor, and these were the only improvements which the premises had. They had none of the conveniences and equipments which obtain in the better class of tenement houses, and were of a character which would naturally deteriorate, coming into competition, as they necessarily did, with modern tenement houses which are so much better equipped. There is no evidence of any loss of rental or depreciation in value since the introduction of the elevated road upon First avenue. On the contrary, there seems to be an increase both of value and of rental admitted. The testimony of the plaintiff's expert was contradictory, unsatisfactory, and not such as the court could possibly base any judgment upon. Considering the whole of the evidence, the history of the property, the nature of the improvements, and the facts in regard to occupation, it is impossible to find any satisfactory basis for the large judgment given in this action. It is not necessary to go into detail, nor to characterize the evidence with particularity, because we might be led into expressions of opinion which might be held controlling upon the court below on a new trial, when perhaps a different state of facts may be established. We are of opinion, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

BUELL, Respondent, v. FARLEY, Appellant. (Supreme Court, Appellate Division, Second Department. March 21. 1899.) Action by Charles E. Buell against Thomas M. Farley. No opinion. Judgment affirmed, with costs, on argument.

BURLEIGH et al., Appellants, v. SHEPARD & MORSE LUMBER CO., Respondent. (Supreme Court, Appellate Division, Third Department. March 8, 1899.) Action by Henry G. Burleigh and others against the Shepard & Morse Lumber Company. No opinion. Judgment affirmed, with costs.

BURNS v. PFLUGER et al. (Supreme Court, Appellate Division, First Department. April 14, 1899.) Action by Edward Burns against Annie Pfluger and others. No opinion. Motion denied, with $10 costs.

CANAVAN v. O'NEILL. (Supreme Court, Appellate Division, First Department. April 7, 1899.) Action by John J. Canavan, an infant, against Hugh O'Neill. No opinion. Motion to resettle granted, upon payment of $10 costs; and, if appeal to the court of appeals withdrawn, upon payment of any disbursements incurred on the appeal. See 56 N. Y. Supp. 1105.

CANAVAN v. O'NEILL. (Supreme Court, Appellate Division, First Department. February 17, 1899.) Action by John J. Canavan against Hugh O'Neill. No opinion. Motion dismissed, with $10 costs. See 56 N. Y. Supp. 1105.

CANAVAN v. O'NEILL. (Supreme Court, Appellate Division, First Department. February 24, 1899.) Action by John J. Canavan against Hugh O'Neill. No opinion. Motion denied, with $10 costs. See 56 N. Y. Supp. 1105.

CHANLER v. NEW YORK EL. R. CO. et al. (Supreme Court, Appellate Division, First Department. February 17, 1899.) Action by Winthrop A. Chanler against the New York Elevated Railroad Company and others. No opinion. The order entered will be vacated. See 54 N. Y. Supp. 341.

CINQUE, Appellant, v. BROOKLYN WHARF & WAREHOUSE CO., Respondent. (Supreme Court, Appellate Division, Second Department. April 18, 1899.) Action by Guiseppe Cinque against the Brooklyn Wharf & Warehouse Company. No opinion. Order reversed, with $10 costs and disbursements, on argument, and defendant granted 10 days' time in which to serve an amended answer, upon its stipulation that the issue remain as of original date, and the amendment shall not prejudice the right of the plaintiff to a trial at the first term at which the case may be reached. All concur, except GOODRICH, P. J., dissenting.

In re CLARK. (Supreme Court, Appellate Division, Second Department. March 21, 1899.) In the matter of the application of Charles Clark for an order to the town clerk of the town of Highlands, Orange county, N. Y. No opinion. Appeal dismissed, on argument, without costs to either party.

In re CLEARY'S WILL. (Supreme Court, Appellate Division, Second Department. April 18, 1899.) In the matter of the probate of the alleged will of Patrick Cleary, deceased. No opinion. Decree of surrogate affirmed, with costs. All concur.

CLINCH, Appellant, v. GOODHEIM, Respondent. (Supreme Court, Appellate Division, Second Department. March 7, 1899.) Action by Augusta Clinch against Jacob Goodheim. No opinion. Judgment of the municipal court affirmed, with costs.